UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD SCHROKO,

                Plaintiff,

        - against -

P.O. BRIAN J. NADEL, Shield No. 9503,
P.O. MATTEO A. GAUDIO, Shield No. 10114,
P.O. MICHAEL V. BJORNSTAD, Shield No. 8566,
and THE COUNTY OF NASSAU,

                Defendants.
------------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

        Plaintiff, RICHARD SCHROKO, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

        1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

        2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

        3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

        4.    Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for battery, assault and intentional infliction of mental distress.

## VENUE

        5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, RICHARD SCHROKO, was and is a natural person, resident in the County of Nassau, State of New York.

8. At all times relevant hereto, defendant P.O. BRIAN J. NADEL, Shield No. 9503 (hereinafter "NADEL") was and is a natural person, employed as a police officer by the Police Department of defendant COUNTY OF NASSAU.

9. At all times relevant hereto, defendant P.O. MATTEO A. GAUDIO, Shield No. 10114 (hereinafter "GAUDIO") was and is a natural person, employed as a police officer by the Police Department of defendant COUNTY OF NASSAU.

10. At all times relevant hereto, defendant P.O. MICHAEL V. BJORNSTAD, Shield No. 8566 (hereinafter "BJORNSTAD") was and is a natural person, employed as a police officer by the Police Department of defendant COUNTY OF NASSAU.

11. At all times relevant hereto, defendant COUNTY OF NASSAU was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

12. The individual defendants are sued in their individual capacities.

13. On or about May 19, 2021, this date being within ninety (90) days after the claim herein sued upon accrued, plaintiff served upon the County of Nassau a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

14. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the County of Nassau has neglected and refused to make payment of said claim.

15. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS NADEL, GAUDIO, and BJORNSTAD (42 U.S.C. §1983)

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" hereinabove as if more fully set forth at length herein.

17. On or about February 22, 2021, at approximately 8:15 P.M., plaintiff was lawfully operating a motor vehicle, driving eastbound on Hempstead Turnpike in East Meadow, Town of Hempstead, County of Nassau, State of New York.

18. At the aforementioned time and place, plaintiff was on his way home from receiving physical therapy, which he was undergoing as a result of surgery performed on his left shoulder in or about September 2020.

19. As he drove, as aforementioned, on Hempstead Turnpike, plaintiff was forced to momentarily leave his lane so as to avoid striking a Nassau County Police Department vehicle that was stopped in the roadway, adjacent to another vehicle, that was partially blocking the lane that plaintiff was traveling in.

20. Shortly after returning to his lane of travel, plaintiff was pulled over, near Hempstead Turnpike's intersection with Prospect Avenue, by two plainclothes Nassau County police officers who were present in an unmarked vehicle.

21. The aforementioned plainclothes officers were defendants NADEL and GAUDIO.

22. When plaintiff asked the two aforementioned defendants why he had been stopped, they told him that he had been speeding.

23. Plaintiff informed defendants NADEL and GAUDIO that he had not exceeded forty miles per hour and that he had only left his lane in order to avoid the above-described Nassau County Police Department motor vehicle that had been blocking a portion of the roadway.

24. After plaintiff produced his license, as requested by defendants NADEL and GAUDIO, he was ordered to step out of his vehicle.

25. Observing items in the console of plaintiff's vehicle, one of the two aforementioned defendants asked plaintiff what they were.

26. Plaintiff informed defendants NADEL and GAUDIO that one of the items was a bottle containing several ten-milligram tablets of oxycodone that had been prescribed for the aforementioned injury to his shoulder.

27. One of the defendants informed plaintiff that he was going to be detained for a search.

28. One of the defendants took plaintiff to the back of his vehicle.

29. One of the two defendants rear-handcuffed plaintiff and patted him down.

30. The defendant who had approached plaintiff's vehicle's passenger side remained with him while the defendant who had approached the driver's side put on a pair of white latex gloves and proceeded to search the inside of the vehicle.

31. The defendant who remained with plaintiff asked him who he knew who was illegally selling fentanyl. Plaintiff replied that he did not know any such person.

32. The defendant who had searched the vehicle returned to where plaintiff and the other defendant were standing and informed plaintiff that all his pills were inside the prescription bottle. He then stated to plaintiff that he had observed a leafy substance inside plaintiff's vehicle.

33. Plaintiff responded that he was authorized to use medical marijuana and that his permit for such use was in the cupholder of the vehicle's console.

34. Plaintiff now informed the defendants that he was a parolee with five days left on his term and that he would not, therefore, have anything that was contraband in his vehicle. Once again, one of the individual defendants asked plaintiff who he knew who was selling fentanyl and once again plaintiff informed the defendants that he did not know any such person.

35. At this point in time, one of the defendants turned plaintiff around and pressed an open knife into one of his cuffed hands, thereby lacerating him.

36. Plaintiff was now taken to the back of the two defendants' vehicle and was placed inside.

37. The two defendants returned to plaintiff's vehicle. Plaintiff heard the defendant who had gone to the driver's side say to the other defendant, while he was showing him the aforementioned knife, "We'll charge him with the knife."

38. Plaintiff began kicking his legs.

39. Defendants removed plaintiff from their vehicle.

40. Plaintiff complained to the defendants, stating that the handcuffs were too tight.

41. Plaintiff requested a double cuff so as to relieve the pain that the cuffing was causing to his left shoulder. The defendant who had approached the passenger's side granted plaintiff's request.

42. Plaintiff was taken back to, and placed inside the defendants' vehicle, the officers intentionally banging his head on the vehicle's roof as they did so.

43. The defendant who had come to the driver's side of, and later searched, plaintiff's vehicle was still wearing the aforementioned latex gloves. He now asked plaintiff if he was hiding anything, bent plaintiff over, put one of his hands inside plaintiff's pants, and forcefully inserted one of his fingers deep into plaintiff's rectum.

44. Plaintiff protested being so violated by kicking his legs.

45. The aforementioned defendant now removed his hand, took off the white latex gloves, put on leather gloves, and told plaintiff that, if he did not stop kicking, he would break every bone in plaintiff's face.

46. The defendants drove plaintiff to the stationhouse of the First Precinct.

47. Once plaintiff and the two defendants were inside the stationhouse, the defendant who had approached the driver's side said to the other defendant, "The evidence bag is empty."

48. The defendant who had approached the passenger's side now left the stationhouse, returning sometime later with the knife that had been pressed into one of plaintiff's hands contained inside an evidence bag.

49. An ambulance was called to the stationhouse.

50. A female EMT who had arrived in the ambulance treated the cut on plaintiff's hand.

51. Plaintiff was transported to Nassau University Medical Center in the aforementioned ambulance, accompanied by defendant BJORNSTAD and P.O. Scuderi, Shield No. 9838, who is not a party to this action.

52. In the ambulance, defendant BJORNSTAD struck plaintiff in his head and warned him that if he reported any abuse that he had suffered at the hands of any of the police officers he had had contact with on this occasion, he would be killed.

53. Once at the hospital, plaintiff was able to tell a nurse that defendants NADEL and MATTEO had stabbed him and had "violated me as a man." Plaintiff then requested that the nurse call his wife.

54. Once the wound on plaintiff's hand and the injuries the defendants had caused to his head were examined and treated, plaintiff was transported back to the stationhouse of the First Precinct.

55. After being fingerprinted, plaintiff was transported to another location and, the following morning, was taken to court.

56. In court the following day, plaintiff was charged with criminal possession of a weapon in the third degree, a D felony; criminal possession of a controlled substance in the seventh degree, an A misdemeanor; unlawful possession of marijuana in the second degree, a violation; and four violations of the Vehicle and Traffic Law.

57. Plaintiff was released on his own recognizance.

58. On July 13, 2021, plaintiff pleaded guilty to a reduced charge of disorderly conduct, covering all the charges brought against him. He received a conditional discharge and paid a fine.

59. Defendants NADEL, MATTEO and BJORNSTAD violated plaintiff's rights to not be subjected to excessive force, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, they lacerated his hands with a knife, struck his head against the roof of a motor vehicle, forcibly inserted a finger into his rectum, and threatened him with retaliation if he reported the aforementioned acts.

60. Because of the aforementioned acts committed by defendants NADEL, MATTEO and BJORNSTAD, plaintiff suffered a deprivation of his rights to be free of excessive force, guaranteed to him both by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered serious and permanent physical injuries and extreme mental anguish, requiring treatment.

61. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in an amount sufficient to compensate him for the injuries suffered as enumerated hereinabove, and, in addition, seek punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS NADEL and COUNTY OF NASSAU
(Battery)

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" hereinabove as if more fully set forth at length herein.

63. On or about February 22, 2021, at approximately 8:15 P.M., near Hempstead Turnpike's intersection with Prospect Avenue, in the County of Nassau, State of New York, defendant NADEL, without probable cause to do so, offensively touched plaintiff by intentionally and maliciously pressing an open knife into one of his hands and lacerating him, while he was handcuffed.

64. The aforesaid force used by defendant NADEL was not reasonable under the circumstances.

65. At the aforementioned time and place, defendant NADEL was acting within the scope of his employment by defendant COUNTY OF NASSAU.

66. By reason of the aforementioned battery committed against him by defendant NADEL, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff suffered and continues to suffer from serious physical injuries and from severe mental anguish.

67. As a result of the battery committed upon him by defendant NADEL, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and further seek punitive damages against defendant NADEL.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS GAUDIO and COUNTY OF NASSAU
(Battery)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "67" hereinabove as if more fully set forth at length herein.

69. On or about February 22, 2021, at approximately 8:15 P.M., near Hempstead Turnpike's intersection with Prospect Avenue, in the County of Nassau, State of New York, defendant GAUDIO, without probable cause to do so, offensively touched plaintiff by intentionally and maliciously pressing an open knife into one of his hands and lacerating him, while he was handcuffed.

70. The aforesaid force used by defendant GAUDIO was not reasonable under the circumstances.

71. At the aforementioned time and place, defendant GAUDIO was acting within the scope of his employment by defendant COUNTY OF NASSAU.

72. By reason of the aforementioned battery committed against him by defendant GAUDIO, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff suffered and continues to suffer from serious physical injuries and from severe mental anguish.

73. As a result of the battery committed upon him by defendant GAUDIO, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and further seek punitive damages against defendant GAUDIO.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS NADEL and COUNTY OF NASSAU
**(Battery)**

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "73" hereinabove as if more fully set forth at length herein.

75. On or about February 22, 2021, at approximately 8:15 P.M., near Hempstead Turnpike's intersection with Prospect Avenue, in the County Nassau, State of New York, defendant NADEL, without probable cause to do so, offensively touched plaintiff by intentionally and maliciously banging his head on the roof of a Nassau County Police Department motor vehicle while placing plaintiff inside of it.

76. The aforesaid force used by defendant NADEL was not reasonable under the circumstances.

77. At the aforementioned time and place, defendant NADEL was acting within the scope of his employment with defendant COUNTY OF NASSAU.

78. By reason of the aforementioned battery committed against him by defendant NADEL, while he was acting within the scope of his employment with defendant COUNTY OF NASSAU, plaintiff suffered and continues to suffer from serious physical injuries and from severe mental anguish.

79. As a result of the battery committed upon him by defendant NADEL, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and further seek punitive damages against defendant NADEL.

**AS AND FOR A FIFTH CAUSE OF ACTION
AGAINST DEFENDANT GAUDIO
and COUNTY OF NASSAU
(Battery)**

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "79" hereinabove as if more fully set forth at length herein.

81. On or about February 22, 2021, at approximately 8:15 P.M., near Hempstead Turnpike's intersection with Prospect Avenue, in the County Nassau, State of New York, defendant GAUDIO, without probable cause to do so, offensively touched plaintiff by intentionally and maliciously banging his head on the roof of a Nassau County Police Department motor vehicle while placing plaintiff inside of it.

82. The aforesaid force used by defendant GAUDIO was not reasonable under the circumstances.

83. At the aforementioned time and place, defendant GAUDIO was acting within the scope of his employment with defendant COUNTY OF NASSAU.

84. By reason of the aforementioned battery committed against him by defendant GAUDIO, while he was acting within the scope of his employment with defendant COUNTY OF NASSAU, plaintiff suffered and continues to suffer from serious physical injuries and from severe mental anguish.

85. As a result of the battery committed upon him by defendant GAUDIO, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and further seek punitive damages against defendant GAUDIO.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS NADEL and COUNTY OF NASSAU
(Battery)

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "85" hereinabove as if more fully set forth at length herein.

87. On or about February 22, 2021, at approximately 8:15 P.M., in a Nassau County Police Department motor vehicle near Hempstead Turnpike's intersection with Prospect Avenue, in the County of Nassau, State of New York, defendant NADEL, without probable cause to do so, offensively touched plaintiff by intentionally and maliciously inserting a finger deep into his rectum.

88. The aforesaid force used by defendant NADEL was not reasonable under the circumstances.

89. At the aforementioned time and place, defendant NADEL was acting within the scope of his employment with defendant COUNTY OF NASSAU.

90. By reason of the aforementioned battery committed against him by defendant NADEL, while he was acting within the scope of his employment with defendant COUNTY OF NASSAU, plaintiff suffered and continues to suffer from serious physical injuries and from severe mental anguish, for which he is receiving treatment.

91. As a result of the battery committed upon him by defendant NADEL, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and further seeks punitive damages against defendant NADEL.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANTS GAUDIO
### and COUNTY OF NASSAU
### (Battery)

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "91" hereinabove as if more fully set forth at length herein.

93. On or about February 22, 2021, at approximately 8:15 P.M., in a Nassau County Police Department motor vehicle near Hempstead Turnpike's intersection with Prospect Avenue, in the County of Nassau, State of New York, defendant GAUDIO, without probable cause to do so, offensively touched plaintiff by intentionally and maliciously inserting a finger deep into his rectum.

94. The aforesaid force used by defendant GAUDIO was not reasonable under the circumstances.

95. At the aforementioned time and place, defendant GAUDIO was acting within the scope of his employment with defendant COUNTY OF NASSAU.

96. By reason of the aforementioned battery committed against him by defendant GAUDIO, while he was acting within the scope of his employment with defendant COUNTY OF NASSAU, plaintiff suffered and continues to suffer from serious physical injuries and from severe mental anguish, for which he is receiving treatment.

97. As a result of the battery committed upon him by defendant GAUDIO, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and further seeks punitive damages against defendant GAUDIO.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### AGAINST DEFENDANTS NADEL
### and COUNTY OF NASSAU
### (Intentional Infliction of Emotional Distress)

98. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "97" hereinabove as if more fully set forth at length herein.

99. On or about February 22, 2021, at approximately 8:15 P.M., in a Nassau County Police Department motor vehicle near Hempstead Turnpike's intersection with Prospect Avenue, in the County of Nassau, State of New York, defendant NADEL, while plaintiff was rear-handcuffed, willfully and maliciously, and with no legitimate law enforcement-related reason to do so, cut plaintiff in one of his hands with an open knife, hit plaintiff's head against the roof of the motor vehicle, and inserted a finger deep into plaintiff's rectum.

100. At the aforesaid time and place, while he was engaging in the aforementioned outrageous and unprovoked behavior toward plaintiff, defendant NADEL was acting within the scope of his employment by defendant COUNTY OF NASSAU.

101. By reason of defendant NADEL's aforementioned intentional infliction of emotional distress upon plaintiff, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff suffered, and continues to suffer, serious and permanent emotional injury, for which he is receiving treatment.

102. As a result of the emotional distress intentionally inflicted upon him by defendant NADEL, while he was acting in the course of his employment by defendant COUNTY OF NASSAU, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and further seeks punitive damages against defendant NADEL.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANTS GAUDIO and <u>COUNTY OF NASSAU</u>
### (Intentional Infliction of Emotional Distress)

103. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "102" hereinabove as if more fully set forth at length herein.

104. On or about February 22, 2021, at approximately 8:15 P.M., in a Nassau County Police Department motor vehicle near Hempstead Turnpike's intersection with Prospect Avenue, in the County of Nassau, State of New York, defendant GAUDIO, while plaintiff was rear-handcuffed, willfully and maliciously, and with no legitimate law enforcement-related reason to do so, cut plaintiff in one of his hands with an open knife, hit plaintiff's head against the roof of the motor vehicle, and inserted a finger deep into plaintiff's rectum.

105. At the aforesaid time and place, while he was engaging in the aforementioned outrageous and unprovoked behavior toward plaintiff, defendant GAUDIO was acting within the scope of his employment by defendant COUNTY OF NASSAU.

106. By reason of defendant GAUDIO's aforementioned intentional infliction of emotional distress upon plaintiff, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff suffered, and continues to suffer, serious and permanent emotional injury, for which he is receiving treatment.

107. As a result of the emotional distress intentionally inflicted upon him by defendant GAUDIO, while he was acting in the course of his employment by defendant COUNTY OF NASSAU, plaintiff has been damaged in an amount sufficient to

compensate him for his injuries and further seeks punitive damages against defendant GAUDIO.

## AS AND FOR A TENTH CAUSE OF ACTION
## AGAINST DEFENDANTS BJORNSTAD
## and COUNTY OF NASSAU
### (Assault)

108. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "107" hereinabove as if more fully set forth at length herein.

109. On or about February 22, 2021, in an ambulance transporting plaintiff from the First Precinct to Nassau University Medical Center, defendant BJORNSTAD placed plaintiff into reasonable apprehension of imminent physical harm by striking him in his head and telling him that if he reported any of the physical abuse that he received at the hands of defendants NADEL and/or GAUDIO, as described hereinabove, he would kill plaintiff.

110. The aforementioned assault committed by defendant BJORNSTAD against plaintiff was not reasonable under the circumstances.

111. At the aforementioned time and place, defendant BJORNSTAD was acting within the scope of his employment by defendant COUNTY OF NASSAU.

112. By reason of the aforementioned assault committed against him by defendant BJORNSTAD, while he was acting within the scope of his employment by defendant COUNTY OF NASSAU, plaintiff suffered, and continues to suffer, severe mental anguish, for which he is receiving treatment.

113. As a result of the assault committed against him by defendant BJORNSTAD, while he was acting within the scope of his employment by defendant

COUNTY OF NASSAU, plaintiff has been damaged in an amount sufficient to compensate him for his injuries and further seeks punitive damages against defendant BJORNSTAD.

WHEREFORE, plaintiff, RICHARD SCHROKO, demands judgment against defendants, P.O. BRIAN J. NADEL, Shield No. 9503, P.O. MATTEO A. GAUDIO, Shield No. 10114, P.O. MICHAEL V. BJORNSTAD, Shield No. 8566 and THE COUNTY OF NASSAU, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant NADEL.

THIRD CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant GAUDIO;

FOURTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant NADEL;

FIFTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant GAUDIO;

SIXTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant NADEL;

SEVENTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant GAUDIO;

EIGHTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant NADEL;

NINTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant GAUDIO; and

TENTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant BJORNSTAD.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Forest Hills, New York
May 20, 2022

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
118-21 Queens Boulevard, Suite 504
Forest Hills, New York 11375
(718) 793-6363
Our File No. 2480